UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | 2:22-CR-26-75 |
| ) | |
| JOSHUA T. WOLFE ) | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on or about October 24, 2023, Joshua T. Wolfe (the "defendant"), entered a plea of guilty to the offense(s) charged in Count One of the above-captioned Indictment, charging a violation of 21 U.S.C. § 846; and

WHEREAS, pursuant to 21 U.S.C. § 853, the defendant has consented to the forfeiture of all right, title, and interest to the United States in a FMK 9mm pistol, SN BTT2584 (the "Subject Property"), on the legal and factual bases set forth in the forfeiture allegation in the charging document, at the plea hearing, and/or through the plea agreement, which the Court finds sufficient to justify forfeiture of the Subject Property.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. On the basis of the forfeiture authority listed above, all right, title, and interest in the Subject Property of the defendant is forfeited to the United States.

2. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or a designee is authorized to seize the Subject Property, to conduct any proper discovery, and to commence any applicable

proceedings to comply with statutes governing third-party rights, as set forth in Fed. R. Crim. P. 32.2.

3. The United States shall comply with the notice provisions established in Fed. R. Crim. P. 32.2(b)(6) including, as appropriate, publication and direct notice.

4. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with supplemental Orders of Forfeiture, if any, shall become the Final Order of

Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the Subject Property shall be forfeited to the United States for disposition in accordance with the law.

6. The United States alone shall hold title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

7. The forfeiture of the Subject Property is not to be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

8. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns, and transferees of the defendant, and shall survive the bankruptcy of any of them.

9. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: __November 20__, 2023

ORDERED:

_____
HONORABLE LISA G. WOOD
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA